**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **JERONIQUE D. CUNNINGHAM,** ) | **CASE NO.  3:06CV0167** |
| ) | |
| Petitioner, ) | |
| ) | **JUDGE PETER C. ECONOMUS** |
| v. ) | |
| ) | |
| **STUART HUDSON, WARDEN,** ) | **ORDER** |
| ) | |
| Respondent. ) | |

This matter is before the Court upon Petitioner, Jeronique D. Cunningham's "Motion to Stay Proceedings and Hold Case in Abeyance."  (Dkt. # 51).

Petitioner, Jeronique D. Cunningham, ("Petitioner") filed a petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on October 2, 2006.  (Dkt. # 19).  Respondent, Stuart Hudson, Warden, ("Respondent") filed a Return of Writ on December 15, 2006.  (Dkt. #s 21-49).  On January 11, 2007, Petitioner filed the instant Motion to Stay Proceedings and Hold Case in Abeyance. (Dkt. # 51).  Respondent filed a memorandum in opposition to Petitioner's motion on January 23, 2007.  (Dkt. # 52).  Petitioner filed his reply on January 24, 2007.  (Dkt. # 54).  For the following reasons, the Court **GRANTS** Petitioner's motion.

**I.    PROCEDURAL BACKGROUND**

Petitioner was convicted of aggravated murder, aggravated robbery, and attempted aggravated murder in the Allen County Court of Common Pleas on June 18, 2002.  (Dkt. # 19). That court sentenced him to death on June 25, 2002.  (Dkt. # 19).  On February 11, 2004, the

Allen County Court of Common Pleas denied Petitioner's state post-conviction petition. (Dkt. # 19). Petitioner unsuccessfully appealed his conviction to the Ohio Supreme Court. (Dkt. # 19). The United States Supreme Court denied certiorari on October 3, 2005. (Dkt. # 19).

Thereafter, Petitioner filed a Notice of Intent to file a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court. (Dkt. # 1). He filed his first Petition under 28 U.S.C. § 2254 on October 2, 2006. (Dkt. # 19).

Although Petitioner did not seek to re-open his direct appeal pursuant to Ohio Rule of Appellate Procedure 26(B)("Murnahan Application")[1] during the course of his state court appeals, on January 8, 2007, Petitioner filed a motion for appointment of counsel in the Ohio Supreme Court. (Dkt. # 51). On January 23, 2007, the Ohio Supreme Court appointed Attorneys Michael Benza and William Lazarow to prepare and file Petitioner's Murnahan Application. (Dkt. # 54).

## II. LAW AND ANALYSIS

Inherent in a federal court's ability to hear a case is its ability to stay a case and hold it in abeyance. See Int'l Bhd. of Elec. Workers v. AT & T Network Sys., 879 F.2d 864 (6th Cir.1989)(citing Landis v. N. Am. Co., 299 U.S. 248, 255 (1936)). Before granting a party's

---

[1] In State v. Murnahan, 584 N.E. 2d 1204 (Ohio 1992), the Ohio Supreme Court determined that post-conviction proceedings are not the proper forum to raise an ineffective assistance of counsel claim. The Ohio Supreme Court concluded that raising such a claim to the trial court would require that court to rule on counsel's effectiveness in the higher-level Court of Appeals. Therefore, the Ohio legislature created this proceeding to permit a convicted criminal defendant to raise ineffective assistance of appellate counsel in the Ohio Courts of Appeal and to the Ohio Supreme Court.

motion to stay a case and hold it in abeyance, however, the moving party has the burden to evaluate three facts: (1) the hardship the movant will endure if the case goes forward; (2) the injury to the opposing party; and (3) the public's interest, "including the judiciary's interest in efficiency, economy, and fairness." Hill v. Mitchell, 30 F. Supp.2d 997, 1000 (S.D. Ohio 1998)(citing Landis, 299 U.S. 248; Lynch v. Johns-Mansville Corp., 710 F.2d 1194 (6th Cir.1983)); Bedel v. Thompson, 103 F.R.D. 78 (S.D. Ohio 1984)).

If a habeas court determines that a petitioner is left without a practicable remedy under state law, however, the court may refuse to hold the case in abeyance and determine that the claims are procedurally defaulted. See Harris v. Reed, 489 U.S. 255 (1989). Thus, a habeas court may turn to state law to determine whether to grant a petitioner's motion to stay and hold a case in abeyance when the petitioner wishes to return to state court to exhaust his claims.

Petitioner moves this Court to stay and abey the proceedings in this matter to allow the Ohio courts to resolve his Murnahan Application. (Dkt. # 51). He contends that this request "is not made for the purpose of unreasonable or frivolous delay" but rather "in the interests of justice and judicial economy." (Dkt. # 51). Petitioner further argues that "the issues to be raised in [Petitioner's] Murnahan Application are currently pending before this Court in the initial habeas petition" and that "[s]taying this matter will minimize the litigation in this Court regarding exhaustion and procedural default of claims." (Dkt. # 51). However, the States Supreme Court has ruled that if a federal court dismisses a petition to permit the petitioner to return to state court for exhaustion purposes, the re-filing of the habeas petition in federal court

does not constitute a second or successor petition under Habeas Rule 9(a) as long as the federal court did not make a previous ruling on the merits. See Slack v. McDaniel, 529 U.S. 473 (2000). Therefore, Petitioner would not be prejudiced if the Court chose to dismiss the Petition for failure to exhaust all claims as required under Rose v. Lundy, 455 U.S. 509 (1982).

In this case, though Petitioner has not received a definitive statement from the Ohio Supreme Court that it will entertain his Murnahan Application, the Ohio Supreme Court has appointed Petitioner counsel to prepare, investigate, and file the Application. Furthermore, it is likely that should the Ohio Supreme Court grant Petitioner's Application, that court may decide the claims presented in such a way as to render federal review moot. Therefore, in the interests of judicial "efficiency, economy, and fairness," Hill, 30 F. Supp.2d at 1000, the Court agrees that staying the habeas case and holding it in abeyance pending final resolution of state court proceedings is appropriate.

## III. CONCLUSION

For the foregoing reasons, Petitioner's motion to stay and abey proceedings is hereby **GRANTED**. (Dkt. # 51). As outlined in his motion, Petitioner's counsel shall provide the Court with status reports every sixty (60) days. Upon completion of the state court litigation the stay shall be lifted and the matter shall proceed for a full review of all issues.

**IT IS SO ORDERED.**

**/s/Peter C. Economus - February 7, 2007**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**