UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JERONIQUE D. CUNNINGHAM, : | CASE NO. 3:06 CV 0167 |
| Petitioner, : | |
| : | JUDGE PATRICIA A. GAUGHAN |
| vs. : | |
| STUART HUDSON, Warden, : | **MEMORANDUM OF OPINION** |
| : | **AND ORDER** |
| Respondent. : | |

Before the Court is Petitioner Jeronique Cunningham's ("Petitioner" or "Cunningham") Brief to Stay Proceedings and Hold Case in Abeyance. (ECF No. 169.) Respondent Warden Stuart Hudson ("Respondent") filed an Opposition to Cunningham's Motion to Stay Proceedings and Hold Case in Abeyance, to which Petitioner responded. (ECF Nos. 171 and 172, respectively.) For the following reasons, the Court grants Cunningham's request to stay this matter and hold it in abeyance pending exhaustion of his juror-bias claim in state court.

**BACKGROUND**

An Ohio jury convicted Jeronique Cunningham of two murders and sentenced him to death.  Cunningham's convictions and sentence were left undisturbed by direct appeal and state post-conviction proceedings.  He filed a petition for writ of habeas corpus in this Court, which the Court denied.[1]

Cunningham appealed that judgment to the United States Court of Appeals for the Sixth Circuit.  He asserted seven claims of error, including two regarding ineffective assistance of counsel, and the remaining concerning juror bias, jury voir dire error, jury instructions, a *Brady* violation, and prosecutorial misconduct.

On June 24, 2014, the Sixth Circuit issued a per curiam opinion addressing one of Cunningham's claims of juror bias.  That claim is based on evidence Cunningham acquired during his habeas action that the jury foreperson in his trial had a relationship with the families of the murder victims and that this relationship impacted her impartiality.  The court concluded that this claim is unexhausted but not procedurally defaulted, because Cunningham still may raise it in a motion for a new trial or a second petition for post-conviction relief in the Ohio state courts.  *Cunningham v. Hudson*, 756 F.3d 477, 479 (6th Cir. 2014).  The court further found that this juror-bias claim is "not plainly meritless." *Id*.  Indeed, it remarked that the "evidence of [the juror's] alleged relationship with the families

---

[1] The facts and procedural history of this case are more fully set forth in *State v. Cunningham*, 105 Ohio St. 3d 197, 824 N.E.2d 504 (2004), and this Court's Memorandum of Opinion and Order, dated December 7, 2010 (ECF No. 157).

of the victims raises grave concerns about her impartiality . . . ." *Id.* at 486-87.  Thus, the court vacated this Court's judgment denying Cunningham's petition and remanded the petition to this Court "to determine whether it is appropriate to stay-and-abey the petition while Cunningham returns to state court to exhaust this claim." *Id.* at 479.

## ANALYSIS

Section 2254(b)(1) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a federal court may not award habeas relief to an applicant in state custody unless it appears that:

> (A)  the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i)  there is an absence of available State corrective process; or
>
> (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).  S*ee also Rose v. Lundy*, 455 U.S. 509 (1982).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  This requirement, however, refers only to remedies still available at the time of the federal petition.  *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982).  If under state law there remains a remedy that a petitioner has not yet pursued, exhaustion has not occurred, and the federal habeas court cannot entertain the merits of the claim.  *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994).

3

The United States Supreme Court addressed what options courts have when a habeas petitioner presents a "mixed petition" with both exhausted and unexhausted claims in *Rhines v. Weber*, 544 U.S. 269 (2005).  It held in *Rhines* that a habeas court may deny an unexhausted claim if it is "plainly meritless." *Id*. at 277.  Or, under certain "limited circumstances," the court can, for good cause, stay the action and permit the petitioner to present his unexhausted claim to state court and then return to federal court for review of his perfected petition. *Id.*  The Court opined that stay and abeyance is appropriate when the district court determines that: (1) there was good cause for the petitioner's failure to exhaust his claims first in state court; (2) the petitioner's unexhausted claims are not plainly meritless; and (3) the petitioner has not engaged in abusive litigation tactics or intentional delay. *Id*. at 277–78.  If employed too frequently, it explained, stay and abeyance "has the potential to undermine the[] twin purposes" of AEDPA, which was enacted to "'reduce delays in the execution of state and federal sentences, particularly in capital cases,'" and to encourage petitioners to seek relief from state courts first. *Id*. at 276-77 (quoting *Woodford v. Garceau*, 538 U.S. 202, 206 (2003)).  But in the circumstances outlined above, "the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." *Id*. at 278.

Respondent concedes that Cunningham has satisfied *Rhine's* first requirement of demonstrating good cause for failing to exhaust his juror-bias claim first in state court.

4

(ECF No. 171 at 1.)  The Sixth Circuit noted that "Cunningham did not become aware of the factual basis for this claim until he conducted discovery in the federal district court, long after his original state post-conviction proceedings." *Cunningham*, 756 F.3d at 486. It also observed that, in denying Respondent's motion to strike the deposition testimony of certain jurors, this Court determined "that Petitioner exercised due diligence in the State court in attempting to develop the facts" that form the basis of the juror-bias claim at issue. *Id*. (citing ECF No. 155 at Page ID # 2590).  The Sixth Circuit found that "[t]he Warden has not demonstrated that this factual finding was clearly erroneous." *Id*.

Respondent also concedes that Cunningham has satisfied *Rhine's* second requirement.  (ECF No. 171 at 1.)  The Sixth Circuit expressly found the juror-bias claim at issue "not plainly meritless." *Cunningham*, 756 F.3d at 479.

Respondent argues, however, that Cunningham cannot meet the third prong of the *Rhine* test because he has engaged in dilatory tactics.  He contends that once Cunningham became aware of the new basis for his juror-bias claim in 2009, he should have promptly sought a stay of his habeas action to return to state court and present his claim.  Instead, he argues, Cunningham "single-mindedly pursue[d] federal habeas relief rather than quickly seeking a stay or simultaneously seeking relief on a motion for a new trial in state court." He "created an unreasonable delay by waiting years to seek a state-and-abey until after both this Court and the Sixth Circuit Court informed him that his claim was unexhausted." (ECF No. 171 at 2-3.)

5

Cunningham counters that he did exactly what Respondent argues he should have done: in a pleading filed in this Court on June 24, 2009, Cunningham argued that this juror-bias claim was not a new claim and was exhausted, but requested in the alternative that the Court stay his habeas proceedings so that he could return to state court to assert it. (ECF No. 172 at 2 (citing ECF No. 119 at 4 n.1 ("In the alternative, the Court should stay and abey this matter to permit Cunningham the opportunity to seek review in state court.")).)  Moreover, Cunningham argues, as the Sixth Circuit acknowledged, it is unclear if he even will be able to satisfy the requirements for a new trial or a second post-conviction petition in state court, or if a return to state court will be futile. *Cunningham*, 756 F.3d at 483-84.  Under § 2254(b)(1)(B)(i) and (ii), therefore, it was necessary and appropriate to seek this Court's determination on the issue of available state-court remedies and secure a stay of his habeas case before returning to state court. (ECF No. 172 at 2-4.)

This Court finds that Cunningham has not engaged in abusive litigation tactics or intentional delay.  He diligently sought to develop the factual basis of this claim in both state and federal court.  Once he acquired probative evidence supporting the claim through discovery permitted by this Court, he promptly sought to amend his federal habeas petition to include the claim, maintaining his position that the claim was exhausted but requesting stay-and-abeyance in the alternative.  This is sound and appropriate litigation practice.

## CONCLUSION

Accordingly, the Court grants Cunningham's request to stay this matter and hold it

6

in abeyance pending exhaustion of his juror-bias claim in state court.  The Court further orders that:  (1) Cunningham present a post-conviction petition and/or motion for new trial to the state trial court within sixty (60) days of the issuance of this Opinion & Order; (2) the parties submit status reports every ninety (90) days regarding the status of Cunningham's efforts to exhaust his juror-bias claim; and (3) Cunningham seek reinstatement on this Court's active docket within thirty (30) days of fully exhausting his state-court remedies.

      IT IS SO ORDERED.

                                /s/ Patricia A. Gaughan
                              PATRICIA A. GAUGHAN
                              UNITED STATES DISTRICT JUDGE

Dated: 10/20/14