# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Jeronique D. Cunningham, | : | Case No. 3:06 CV 167 |
| Petitioner, | : | |
| | : | JUDGE PATRICIA A. GAUGHAN |
| vs. | : | |
| | : | |
| Tim Shoop, Warden, | : | **MEMORANDUM OF OPINION** |
| | : | **AND ORDER** |
| Respondent. | : | |

## INTRODUCTION

This matter is before the Court upon petitioner Jeronique Cunningham's Motion to Alter or Amend Pursuant to Fed. R. Civ. P. 59(e) (Doc. 213). Petitioner seeks reconsideration of the Court's judgment denying his amended petition for writ of habeas corpus. For the following reasons, the motion is **DENIED**.

## PROCEDURAL HISTORY

This Court denied petitioner's original petition for writ of habeas corpus on December 7, 2010. On appeal of that judgment, the Sixth Circuit Court of Appeals concluded that one of petitioner's claims, alleging juror bias, was unexhausted and remanded the case to this Court "to determine whether it is appropriate to stay-and-abey the petition while Cunningham returns to state court to exhaust this claim." *Cunningham v. Hudson*, 756 F.3d 477, 479 (6th Cir. 2014) (per curiam). This Court then stayed this case and held it in abeyance while petitioner exhausted

the juror-bias claim in state courts. After exhausting the claim, petitioner returned to this Court and filed an amended habeas petition. The Court denied the amended petition on December 18, 2019. Petitioner has now filed a motion to alter or amend that judgment under Civil Rule 59(e).

**ANALYSIS**

Rule 59(e) permits a party to "suspend the finality of the district court's judgment" to enable the court "to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (internal quotation marks and citations omitted). The circumstances under which a district court may grant a Rule 59(e) motion are limited to cases in which there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *E.g., Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006) (internal quotation marks omitted). Rule 59(e) "allows for reconsideration; it does not permit parties to effectively 're-argue a case.'" *Howard*, 533 F.3d at 475 (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1988)). Parties, therefore, cannot use the rule to relitigate arguments or present new arguments that could have been raised before judgment. *Id.*

Relief under Rule 59(e) "is an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." *U.S. ex rel. Am. Textile Mfrs. Inst. Inc. v. The Limited, Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998). The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court. *E.g., GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

Petitioner argues that the Court committed several "clear errors of law" in concluding that

his juror-bias claim was procedurally defaulted. Specifically, he argues the Court erred in: (1) concluding that the state appellate court did not misapply state law and procedural rules in finding his juror-bias claim procedurally barred from post-conviction review; (2) not following the Supreme Court decision in *Williams v. Taylor*, 529 U.S. 420 (2000), to find that his diligence in state court provided cause to excuse any default of the juror-bias claim; (3) denying his discovery requests; and (4) finding that the rule established in *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013), did not apply to excuse any default of his juror-bias claim.

### A. Ohio's Post-Conviction Review Process

Petitioner contends that the Court erred in concluding that the state appellate court did not misapply state law and procedural rules in finding his juror-bias claim procedurally barred from post-conviction review. He asserts that this Court "committed clear error in failing to review and address the failures of Ohio's post-conviction system to determine that as a matter of fact and law, Ohio's post-conviction scheme is not an independent and adequate remedy to preclude federal review of Cunningham's claims." (Doc. 213 at 5.)

Petitioner, however, did not raise this argument in his amended petition. He argued in his amended petition that the state appellate court's application of state procedural bars to his juror-bias claim failed to satisfy the first and fourth prongs of the Sixth Circuit's test for finding a habeas claim procedurally defaulted because of a prisoner's failure to observe a state procedural rule, established in *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1985). The test's first requirement is that the state procedural rule applied to the petitioner's claim, and the petitioner failed to comply with that rule. The fourth prong requires that if the claim is procedurally

3

defaulted, the petitioner must demonstrate cause and prejudice to excuse the default. *Maupin*, 785 F.2d at 138. Petitioner argued that the default resulted from Ohio's post-conviction process failing to afford him a "full and fair opportunity to litigate his claim," particularly in denying him discovery. (Doc. 200-1 at 17-18.) He did not assert, however, as he does now, that the state court's decision failed to meet *Maupin*'s third requirement – namely, that the state procedural rule is an adequate and independent state ground upon which the state can rely to foreclose review of federal claims. Petitioner is not entitled to raise a new argument in a Rule 59(e) motion that he did not raise prior to judgment. *Howard*, 533 F.3d at 475.

Moreover, even if petitioner had raised the argument, it would fail. In its judgment, this Court noted the Sixth Circuit's rejection of claims that Ohio's post-conviction scheme violates due process rights and that its defects constitute cause to excuse a habeas claim's default. (*see* Doc. 211 at 28-30). The Sixth Circuit has also ruled that a defendant's failure to satisfy Ohio's statutory and procedural rules governing post-conviction review is an independent and adequate ground upon which to preclude review of a federal claim for purposes of finding a federal habeas claim procedurally defaulted. *See, e.g., Foster v. Warden, Chillicothe Corr. Inst*., 575 Fed. App'x 650, 652 (6th Cir. 2014); *Hill v. Mitchell*, No. 1:98 CV 452, 2006 WL 2807017, at *47 (S.D. Ohio Sept. 27, 2006) ("The Court also finds that Ohio's postconviction rules, and specifically the rules imposing a limitations period and those imposing stringent conditions on the filing of untimely and/or successive petitions, are adequate and independent."). Petitioner has cited no Sixth Circuit authority to the contrary. Accordingly, petitioner has not identified a clear error of law in the Court's procedural-default analysis relating to Ohio's post-conviction process.

4

### B. *Williams v. Taylor*

Petitioner next argues that the Court erred in not following the Supreme Court decision in *Williams v. Taylor*, 529 U.S. 420 (2000), to find that his diligence in state court provided cause to excuse the procedural default of his juror-bias claim. Petitioner, however, raised this argument in his amended petition, and the Court rejected it. (*See* Doc. 211 at 30-31.) Rule 59(e) does not permit parties to relitigate an argument already considered and ruled upon by the court. *Howard*, 533 F.3d at 475. This argument, therefore, also fails.

### C. **Denial of Discovery Requests**

Petitioner also complains that the Court erred in denying his requests for discovery regarding issues of cause and prejudice and, more specifically, the ineffective assistance of his "state court counsel." The Court disagrees that a legal error was made. In petitioner's most recent motion for discovery, filed in 2019, he sought discovery only regarding his state post-conviction counsel, Richard Vickers and Kathryn Sandford. And, even then, discovery was sought only as it related to claims other than the juror-bias claim at issue here. (*See* Doc. 206 (Mot. to Compel Discovery) at 1-2, 12.) He did not request discovery relating to his trial counsel, Robert Grzybowski and Gregory Donohue.

Petitioner further argues that the Court erred in denying his discovery requests "to the extent [they sought] information relating to claims other than his juror-bias claim based on Mikesell's alleged relationship with the victims' families, [as that would] exceed[] the scope of the Sixth Circuit's limited remand." (Doc. 213 at 9 (quoting Doc. 211 at 15 n.6.).) He states he "did not seek anything beyond Mikesell's relationship with the victims and their families," as asserted in Claim I(B) of his amended petition. (*Id.*) In his motion for discovery, however, he

requested discovery "pertain[ing] to claims III, IV, V, VIII, IX and X," including the depositions of state post-conviction counsel, as noted above, the entire prosecution files for his case and that of his co-defendant, Cleveland Jackson, and ballistic evidence in both cases. (Doc. 206 at 1-2, 8.)

Finally, petitioner challenges the Court's conclusion that he had not demonstrated good cause for discovery related to the juror-bias claim at issue here. He requested the full legal names and dates of births of all "civilian witnesses," victims, their immediate family members, legal guardians, and grandparents; documents from the Allen County Children's Services Board and the Rape Crisis Center related to contact between those individuals and juror Mikesell; and the deposition of juror Mikesell. (Doc. 206 (Mot. to Compel Discovery) at 1.) This Court denied that request because the Court granted leave for similar discovery concerning this claim in 2008, including depositions of Mikesell, all seated and alternate jurors in Cunningham's trial, Allen County Children's Services employees, and Jackson's investigator.

For these reasons, petitioner has not identified a clear error of law in the Court's denial of his discovery requests, but instead reargues the merits of his discovery motion.

### D. Application of *Martinez v. Ryan* and *Trevino v. Thaler*

Finally, petitioner contends the Court erred in finding that the rule established in *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013), did not apply to excuse the default of his juror-bias claim. Those cases permit the ineffective assistance of post-conviction counsel to constitute cause for the procedural default of a claim of ineffective assistance of trial counsel in certain circumstances. *See Trevino,* 569 U.S. at 423; *White v. Warden, Ross Corr. Inst.*, 940 F.3d 270, 277 (6th Cir. 2019) (holding that *Trevino* applies in

Ohio in some circumstances). This Court concluded that *Martinez* and *Trevino* did not apply to petitioner's juror-bias claim because the cases apply only to claims of ineffective assistance of trial counsel. Petitioner asserts that he alleged ineffective assistance of both trial and post-conviction counsel as cause for the default of his juror-bias claim and the *Martinez /Trevino* rule should apply.

This Court's resolution of petitioner's *Martinez / Trevino* argument was consistent with the Sixth Circuit's limited remand order, which made no mention of a related ineffective-assistance claim. *See Cunningham*, 756 F.3d at 479. Petitioner raised his claim of ineffective assistance of trial counsel based on an inadequate *voir dire* in the state court in his first post-conviction proceedings and in his original habeas petition, where it was adjudicated and rejected on the merits. To have engaged in a *Martinez / Trevino* analysis would have required that the Court reconsider a claim it already had reviewed and denied, which was beyond the scope of the Sixth Circuit's limited remand order.

Petitioner presented a claim in his first state post-conviction petition alleging that defense counsel did not fulfill their "duty to conduct a searching *voir dire* to ensure that [juror Mikesell] divulged any prejudicial information that she may have gleaned from her colleagues at her place of employment." (Doc. 192-4 at 88.) The state appellate court, the last state court to review the claim, rejected the claim on its merits, stating:

> Cunningham argues that defense counsel failed to conduct a reasonable inquiry during *voir dire* to elicit prejudicial information from juror Nichole Mikesell.
>
> It is a well established principle of law that "[t]he conduct of *voir dire* by defense counsel does not have to take a particular form, nor do specific questions have to be asked.". . . A review of defense counsel's examination of juror Mikesell and her testimony in response to defense counsel's questions indicates no deficient performance or errors on the part of counsel. While Cunningham can now point to

7

> post-trial statements of Mikesell that show she has formed a negative impression of Cunningham, there was no indication given by Nichole at the time of the jury *voir dire* to indicate she had such an impression. Cunningham may now contend that defense counsel should have asked more probing questions of juror Mikesell, but Ohio courts "have recognized that counsel is in the best position to determine whether any potential juror should be questioned and to what extent."

*State v. Cunningham*, No. 1–04–19, 2004 WL 2496525, at *15 (Ohio Ct. App. Nov. 8, 2004) (citations omitted).

Petitioner's original habeas petition asserted that the state court's ruling on his *voir dire*-related trial counsel ineffective-assistance claim unreasonably applied clearly established federal law under § 2254(d)(1). (*See* Doc. 19-2.) In a 2010 amendment to that claim, he added his factual allegation about juror Mikesell's relationship with the victims' families, arguing:

> Mikesell's presence on the jury is also the result of ineffective assistance of counsel. If defense counsel performed any investigation into Mr. Cunningham's background, reviewed any of the records of Mr. Cunningham's life, or considered mitigation strategy prior to *voir dire* they would have known of the extensive contact with Allen County Children's Services. Mikesell admitted that she worked for this agency but did not disclose the fact that she had information about Jeronique Cunningham. She also failed to disclose her relationship with the families of the victims. Her admission should have put counsel on notice to inquire about extrajudicial information she had about this matter and the failure to adequately *voir dire* Mikesell was unreasonable and Mikesell's presence on the jury was prejudicial.

(Doc. 141 (Am. to Pet.) at 5.) In rejecting the claim, this Court reasoned:

> Defense counsel knew that Mikesell worked at Allen County Children's Services. There was no indication during *voir dire* that this juror had any knowledge of Cunningham. She was asked if she had any additional information to bring to the court's attention. She answered that she had no other information concerning the case and that she could be fair and impartial. The Court finds that the decision of the Ohio courts was not contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

(Doc. 157 at 37.)

On appeal of that ruling, the Sixth Circuit issued its limited remand order, which did not

reference an ineffective-assistance claim related to the juror-bias claim at issue. In line with the circuit court's order, petitioner did not present an independent trial counsel ineffective-assistance claim based on *voir dire* in his second state post-conviction petition. (*See* Doc. 188-1 at 31-41.) And, as noted above, although he asked to depose his trial counsel early in these federal habeas proceedings in 2008 (Doc. 79 at 2), he did not do so in his 2019 discovery request. He requested only the depositions of his state post-conviction counsel (*see* Doc. 206).

Given its limited jurisdiction on remand from the Sixth Circuit, this Court declined to reconsider petitioner's *voir dire*-related trial counsel ineffective-assistance claim in the context of a *Martinez / Trevino* analysis. The only claim this Court was instructed and authorized to consider was petitioner's juror-bias claim, to which *Martinez* and *Trevino* did not apply. *See Cunningham*, 756 F.3d at 479. The Court, therefore, committed no clear error of law in its application of *Martinez* and *Trevino*

## CONCLUSION

For the foregoing reasons, this Court denies Cunningham's Motion to Alter or Amend Pursuant to Fed. R. Civ. P. 59(e). The Court further certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

      /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 4/6/20