**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Jeronique D. Cunningham,** | : | **Case No. 3:06 CV 167** |
| | : | |
| **Petitioner,** | : | |
| | : | **JUDGE PATRICIA A. GAUGHAN** |
| **vs.** | : | |
| | : | |
| **Tim Shoop, Warden,** | : | **MEMORANDUM OF OPINION AND ORDER** |
| | : | |
| **Respondent.** | : | |

### INTRODUCTION

Before the Court is Petitioner's Motion for Order on Agency. (Doc. 255.) Petitioner asks the Court to direct the Allen County Children Services ("ACCS") to produce records for discovery. For the following reasons, the motion is GRANTED.

### RELEVANT PROCEDURAL HISTORY

The Sixth Circuit Court of Appeals remanded this capital habeas corpus case to this Court to conduct an evidentiary hearing on Petitioner's two claims of juror bias. *See Cunningham v. Shoop*, 23 F.4th 636, 678 (6th Cir. 2022).[1]  One of those claims alleged that

---

[1] For a more complete account of the procedural history of this case, and the family-relationship juror-bias claim in particular, see this Court's Memorandum of Opinion and Order

the jury foreperson, Nichole Mikesell, who was employed by ACCS at the time of the trial, had a relationship with family members of victims in the case and was, therefore, biased.

On remand, this Court granted Petitioner leave to conduct discovery on the family-relationship juror-bias claim, including ACCS records. (*See* Doc. 237 at 13-14.) Petitioner then obtained more than 4,000 pages of the agency's records.

Petitioner now seeks to acquire additional ACCS records. He states that during this discovery process, his counsel has learned from a source other than the already-produced ACCS records that family members of victim Coron Liles "have extensive histories with [ACCS]," which he contends is "critical to the legal and factual issues before the Court." (Doc. 255 at 1-2.) He has asked ACCS for records relating to 31 relatives of Liles, but the agency requested that he obtain a court order before it would release them.

This matter is now before the Court upon Petitioner's Motion for Order on Agency wherein he requests that this Court order ACCS to produce the additional records.

## ANALYSIS

Respondent argues that Petitioner is not entitled to "any discovery" of ACCS records that are not in the state court record because he has not demonstrated that he can meet the requirements of § 2254(e)(2) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs federal habeas petitions. This provision prohibits a federal court from holding an evidentiary hearing or expanding the record unless the

---

dated April 10, 2023. (Doc. 237).

petitioner's claim relies on (1) a new rule of retroactive constitutional law or (2) "a factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2)(A). In addition, the petitioner must provide clear and convincing evidence of innocence. 28 U.S.C. § 2254(e)(2)(B). This standard for the expansion of the state court record is a "stringent one," barring evidentiary hearings "[i]n all but . . . extraordinary cases." *Shinn v. Ramirez*, 596 U.S. 366, 371 (2022).

Under AEDPA, district courts may conduct a hearing to introduce new evidence in support of a claim "only if [the prisoner] was not at fault in failing to develop that evidence in state court, or (if he was at fault) if the conditions prescribed in § 2254(e)(2) were met." *Holland v. Jackson*, 542 U.S. 649, 652-53 (2004).

Respondent maintains that the Supreme Court established in *Ramirez*, and the Sixth Circuit made clear in *Rogers v. Mays*, 69 F.4th 381 (6th Cir. 2023), that "this Court cannot grant discovery" unless Cunningham satisfies § 2254(e)(2). This Court disagrees.

*Ramirez* combined two cases in which the district courts permitted a petitioner to admit into the record evidence developed in federal habeas proceedings without satisfying § 2254(e)(2)'s fault requirement. In both cases, the appellate courts forgave the petitioners' failures to develop the state court record evidence, disregarding § 2254(e)(2)'s fault trigger, and reviewed the new evidence because each had received ineffective assistance of state post-conviction counsel. The Supreme Court disagreed. It reaffirmed its past precedent that for purposes of § 2254(e)(2), "state post-conviction counsel's ineffective assistance in

3

developing the state court record is attributed to the prisoner," and held that "a federal habeas court may not conduct an evidentiary hearing or otherwise consider evidence beyond the state court record based on ineffective assistance of state post-conviction counsel." *Id.* In *Rogers*, the Sixth Circuit followed *Ramirez* where the petitioner also sought to introduce new evidence because ineffective assistance of counsel had precluded him from developing the state court record. *Rogers,* 69 F.4th at 396-97.

Respondent may be correct that under *Ramirez* "the only path to *admission* of evidence that was outside the state court record is through [§] 2254(e)(2)." (Doc. 255 at 2-3 (emphasis added).) But, *Ramirez* does not address the issue of whether § 2254(e)(2) applies to *discovery* in habeas proceedings, and neither does *Rogers*.

In this case, the Sixth Circuit instructed this Court to conduct an evidentiary hearing on Petitioner's two juror-bias claims. Rule 6 of the Rules Governing § 2254 Cases in the United States District Courts expressly authorizes discovery in federal habeas cases "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so . . . ." Habeas R. 6(a). Petitioner seeks to obtain information that may support his family-relationship juror-bias claim. He is not requesting at this time that the Court expand the record to include this information or admit it at the evidentiary hearing. *Ramirez* and *Rogers,* therefore, do not apply.

This Court found good cause for Petitioner's first request for ACCS records to support his claim that the jury foreperson had relationships with family members of victims

4

of Petitioner's crimes and was, therefore, biased. For the same reasons, the Court finds good cause for Petitioner's present request.

Petitioner seeks ACCS records relating to 31 family members of victim Conor Liles. He states that his counsel has learned that these individuals have "extensive histories" with ACCS from a source other than the already-produced ACCS records, and this information is "critical to the legal and factual issues before the Court."

In its decision remanding this case, the Sixth Circuit emphasized that Petitioner is entitled to a "meaningful opportunity" to demonstrate juror bias at the evidentiary hearing it has ordered. *Cunningham*, 23 F.4th at 662 (citation and quotation marks omitted). It specifically noted that Petitioner conceivably could develop admissible evidence supporting his family-relationship juror-bias claim, such as the testimony of Mikesell or a victim's family member to show that Mikesell intentionally concealed her relationship with the families during voir dire and a truthful response would have provided a valid basis for a challenge for cause, or evidence that the relationship constituted grounds for finding actual or implied bias against Petitioner. *Id.* at 661. The ACCS records Petitioner now requests may lead to such evidence. *See Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) ("good cause" for discovery under Habeas Rule 6 exists "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief").

For these reasons, Petitioner's Motion for Order on Agency is granted.

5

## CONCLUSION

For the foregoing reasons, Petitioner's Motion for Order on Agency is granted.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court

Dated: 3/26/25